**INTERSTATE NATURAL GAS CO., Inc., v. FEDERAL POWER COMMISSION et al.**

**No. 10701.**

Circuit Court of Appeals, Fifth Circuit.

March 12, 1948.

Henry P. Dart, Jr., and H. Grady Price, both of New Orleans, La., Alden T. Shotwell, of Monroe, La., and William A. Dougherty and C. W. Cooper, both of New York City, for petitioner.

Bradford Ross, Gen. Counsel, and Louis W. McKernan, and Milford Springer, Principal Attys., all of Washington, D. C., for Federal Power Commission.

Chas. C. Crabtree, of Memphis, Tenn., for Memphis Light, Gas & Water Div.

Warren Henry, of Springfield, Ill., for Illinois Commerce Commission.

C. Huffman Lewis, of Shreveport, La., for United Gas Pipe Line.

Forney Johnston, of Birmingham, Ala., for Southern Natural Gas Co.

Russell Rice, of Jackson, Tenn., for City of Jackson, Tenn.

Wilbur F. Hall, of Jefferson City, Mo., for Missouri Public Service Commission.

Edward P. Russell, of Memphis, Tenn., for Memphis Natural Gas Co.

W. C. Perrault, 1st Asst. Atty. Gen., and Roland C. Kizer, both of Baton Rouge, La., and Francis P. Burns, City Atty., Edward Rightor, and Warren O. Coleman, all of New Orleans, La., for other respondents.

Donald C. McCreery, of Denver, Colo., J. Q. Weatherly, of Houston, Texas, James D. Smullen, Asst. Atty. Gen., of Texas, and James F. Gray, of Dallas, Tex., amici curiae.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

PER CURIAM.

Admitting that it is not entitled to have returned to it sums it deposited in this court pursuant to the stay order of December 5, 1944, petitioner is here asking an order directing the distribution of such sums and absolving petitioner from further liability or accountability in respect thereto.

The matter comes up in this way. By an order entered April 27, 1943, modified June 9, 1943, the Federal Power Commission reduced the rates and charges of Interstate Natural Gas Company, Inc., on sales made by Interstate in the Monroe field in Louisiana to pipe line companies, each being a natural gas company subject to the jurisdiction of the Commission.

Contesting this order as beyond the jurisdiction of the Commission, Interstate filed its petition for a review in this court, and at the same time applied to this court for, and was granted, a stay[1] of the Commission's order, conditioned upon Interstate's paying into the registry of this court the monthly difference between payments under existing rates and those required under the rate reducing order of the Commission.

During the pendency of the review proceeding, Interstate accepted certain of the reductions ordered by the Commission which related to gas delivered to distributing companies in New Orleans and adjacent territory, rate schedules were filed and ac-

[1] The Order specifically provided that: "The amounts so deposited shall remain on deposit subject, however, to the further Order or Orders of this Court to be returned to such ultimate consumers of gas, or other persons to whom the Court shall find the same should be returned, as contemplated by the provisions of the Natural Gas Act. Upon receipt of each deposit the Clerk of this Court shall notify the Federal Power Commission stating the amount of such deposit and the total amount then on deposit in said fund." and further: "Full power and jurisdiction is reserved to cancel or modify this Order and to enter any other orders (with or without application of the parties) to protect or to promote the rights and interests of the parties to this litigation and of the ultimate consumers or other parties financially interested in the impounded funds."

cepted by the Commission, and, by agreement of all parties, that portion of the impounded funds relating to the sales in question were paid to the distributing companies in the New Orleans area, and excess payment on account thereof was returned to Interstate.

The case then proceeded to hearing on the question of the jurisdiction of the Commission over sales made by Interstate in the Monroe field in Louisiana to Mississippi River Fuel Corporation, Southern Natural Gas Company, and United Gas Pipe Line Company for account of Memphis Natural Gas Company.

This court affirmed[2] the order of the Commission reducing Interstate's rates to the three pipe line companies. Its judgment was affirmed in the Supreme Court, and commencing with deliveries for the month of October, 1947, collections have been made by Interstate at the rate fixed by the order of the Commission, and, therefore, no further deposits are being made pursuant to the stay order. The rate schedules filed as provided for in the Commission's order were made effective for all bills rendered to the pipe line companies on and after July 15, 1943.

In addition to the sums deposited in the registry of the court, it is recognized that Interstate owes each of the companies an additional amount which it has not deposited but which it agrees to, and will, pay as a part of the distribution ordered.

The three pipe line companies above named, who paid the excess charges to Interstate, have filed interventions asking that the charges exacted from them in excess of the Commission's order be returned to them.

The Federal Power Commission, the Public Service Commission of the State of Missouri, Memphis Light, Gas & Water Division of the City of Memphis, Illinois Commerce Commission, and the City of Jackson, Tennessee have appeared to oppose the distribution to the pipe line companies and to insist that the funds be distributed to the ultimate consumers of the gas purchased by the pipe line companies from Interstate or to such other persons and institutions as may appear equitably entitled thereto.

A careful consideration of the opposing contentions, in the light of the undisputed facts leaves us in no doubt that, whatever may be the rights of ultimate consumers or others to require the pipe line companies who have overpaid Interstate to account to them in respect of such overpayments, it is not our function to search out or declare them.[3] The only appropriate order for this court to enter is one requiring Interstate to repay to the three pipe line companies the moneys which Interstate wrongfully exacted from them under the protection of our order, such distribution to the three pipe line companies, however, to be without prejudice to the rights, if any, of ultimate consumers or others to hold said companies to account in respect thereof.

Let an appropriate order be drawn and presented for entry.

2 Interstate Natural Gas Co. v. Federal Power Commission, 5 Cir., 156 F.2d 949.

3 Central States v. Muscatine, 324 U.S. 138, 65 S.Ct. 565, 89 L.Ed. 801.